UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOANETTE SMITH-MANNING, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> STATE FARM LLOYDS and STEVEN § <br> STAFFORD, § <br> § <br> Defendants. § | CASE NO. 3:13-CV-3056-M |

**MEMORANDUM OPINION & ORDER**

Before the Court is Plaintiff's Motion to Remand and Brief in Support [Docket Entry #11]. For the reasons set forth below, the Motion is **GRANTED**, and this case is **REMANDED** to the 160th Judicial District of Dallas County, Texas.

**I.   FACTUAL BACKGROUND**

This action concerns a dispute over the Defendants' handling of an insurance claim filed by Plaintiff for damage to her house and property under an insurance policy issued by Defendant State Farm Lloyds ("State Farm"). On July 3, 2013, Plaintiff, a citizen of Texas, filed suit in Texas state court against Defendants State Farm and Steven Stafford ("Stafford"), the insurance adjuster assigned to Plaintiff's claim, alleging that Defendants "improperly denied and/or underpaid this claim." Pet. ¶ 10. It is undisputed that State Farm is an association of underwriters that is a citizen of Illinois, Florida, and Pennsylvania, and that both Plaintiff and Stafford are citizens of Texas. *Id.* ¶¶ 1, 3; Notice of Removal ¶ 11.

On August 5, 2013, State Farm, with Stafford's consent, removed the state court action to this Court, claiming diversity jurisdiction. *Id.* ¶¶ 9-14. State Farm alleges complete diversity, notwithstanding the Texas citizenship of Stafford, contending that Stafford was improperly

joined and that his citizenship should thus be disregarded for diversity purposes. On September 12, 2013, Plaintiff moved to remand, arguing that Stafford was properly joined in this lawsuit and that his presence prevents removal. Mot. to Remand ¶ 9.

The parties do not dispute, and the Court finds, that the amount-in-controversy exceeds $75,000. *See* Pet. ¶ 5 ("Plaintiff currently seeks monetary relief over $100,000 . . . ."). The Court's focus instead concerns whether Stafford was properly joined in this lawsuit, and how that impacts jurisdiction under 28 U.S.C. § 1332.

## II.     APPLICABLE LAW

A defendant has the right to remove a case to federal court when diversity jurisdiction exists and the removal procedure is properly followed. 28 U.S.C. § 1441. The removing party bears the burden of establishing that a state court suit is removable to federal court. *Delgado v. Shell Oil Co.,* 231 F.3d 165, 178 n.25 (5th Cir. 2000). This burden is a "heavy one." *See Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003) (internal citations omitted). Doubts about the propriety of removal are to be resolved in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins.,* 276 F.3d 720, 723 (5th Cir. 2002).

A case may be removed despite the presence of a resident defendant if the removing defendant shows that the resident defendant was improperly joined. *Salazar v. Allstate Texas Lloyd's, Inc.,* 455 F.3d 571, 574 (5th Cir. 2006). To establish that a non-diverse defendant has been improperly joined, the removing party must prove either that: (1) there has been actual fraud in the pleading of jurisdictional facts; or (2) there is no reasonable possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant. *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

Only the latter ground is at issue here. When determining whether a plaintiff can recover

against a non-diverse party, the court inquires whether there is any reasonable basis to predict such a possibility. *Id.* at 573. To make that determination, the court looks to a plaintiff's factual allegations to determine whether the petition states a claim against the in-state defendant. *Id.* All factual allegations in the state court petition are considered in the light most favorable to the plaintiff, and contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Indus., Inc.,* 434 F.3d 303, 308 (5th Cir. 2005).

For purposes of the improper joinder inquiry, the sufficiency of the factual allegations is reviewed under Texas's "fair notice" pleading standard, not the heightened federal pleading standard. *Yeldell v. Geovera Specialty Ins. Co.,* No. 3:12–cv–1908–M, 2012 WL 5451822, at *3 (N.D. Tex. Nov. 8, 2012) (Lynn, J.).

Under the Texas Rules of Civil Procedure, a pleading can contain legal conclusions as long as the allegations, considered as a whole, provide fair notice to the opponent. Tex. R. Civ. P. 45(b). A Texas state court liberally construes a plaintiff's petition in the plaintiff's favor. *Starcrest Trust v. Berry,* 926 S.W.2d 343, 349 (Tex. App.-Austin, 1996, no writ). Moreover, a court applying the Texas pleading standard will look to the plaintiff's intent and uphold a petition, even if the plaintiff has not specifically alleged some element of a cause of action, by supplying every fact that can be reasonably inferred from what the plaintiff specifically stated. *See, e.g.*, *Torch Operating Co. v. Bartell,* 865 S.W.2d 552, 554 (Tex. App.-Corpus Christi, 1993, writ denied); *Gonzalez v. City of Harlingen,* 814 S.W.2d 109, 112 (Tex. App.-Corpus Christi 1991, writ denied) (quoting *Gulf, C. & S.F. Ry. Co. v. Bliss*, 368 S.W.2d 594, 599 (Tex. 1963)).

### III.   ANALYSIS

The Court's analysis hinges on whether State Farm has carried its "heavy burden" of demonstrating that there is no reasonable basis on which to predict that Plaintiff might recover

against Stafford. Plaintiff brings causes of against Stafford for violations of Chapter 541 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. Pet. ¶¶ 18-24. The Court need not decide whether Plaintiff has sufficiently pleaded each cause of action; instead, if the Court finds that Plaintiff can potentially sustain any of these causes of action against Stafford, remand of the entire case will be necessary. *See Gray v. Beverly Enters.-Miss., Inc.,* 390 F.3d 400, 412 (5th Cir. 2004) ("[The] holistic approach to removal mandates that the existence of even a single valid cause of action against in-state defendants, despite the pleading of several unavailing claims, requires remand of the entire case to state court.").

Defendants argue that "Plaintiff's causes of action merely track statutory language and do not contain any actual facts to support the legal allegations or damages." Notice of Removal ¶ 7. The Court disagrees.

### A.  Claims under Section 541 of the Texas Insurance Code.

The factual allegations in Plaintiff's Petition about Stafford relating to violations of the Texas Insurance Code are as follows:

11. Stafford was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12. Stafford's unreasonable investigation led to the underpayment of Plaintiff's claim.

13. State Farm and Stafford performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

19. Defendants violated § 541.051 of the Texas Insurance Code by:  (1) making statements misrepresenting the terms and/or benefits of the policy.

20. Defendants violated § 541.060 by:  (1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue; (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear; (3) failing to promptly provide to

> Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim; (4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and (5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim.
>
> 21. Defendants violated § 541.061 by: (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; (4) making a material misstatement of law; and (5) failing to disclose a matter required by law to be disclosed.

The Court finds that these allegations—though perhaps insufficient if viewed against federal pleadings standards—sufficiently create a *reasonable possibility* that Plaintiff has established a potential cause of action against Stafford.  *See, e.g.*, *Campos v. Am. Bankers Ins. Co. of Fla.*, No. H-10-0594, 2010 WL 2640139, at *5 (S.D. Tex. June 30, 2010) ("The fact that the pleadings do little more than recite the elements of the statutory claims might be viewed as pleading insufficiency in federal court . . . But this court cannot conclude that there is no reasonable basis to predict that [plaintiff] might recover against [defendant] in state court.").

Plaintiff alleges, *inter alia*, that Stafford conducted a substandard investigation and inspection, failed to include in his report all of the damages noted during his inspection, undervalued the damages he observed during the inspection, performed an outcome-oriented investigation, and that this led to an underpayment of Plaintiff's claim and a biased evaluation of Plaintiff's losses.  The Court cannot say that these allegations, which operate in conjunction with and serve to elucidate Plaintiff's "statutory-recitation" allegations, fail to meet Texas's "fair notice" pleading standard.  *See, e.g.*, *Western States Asset Mgmt., Inc. v. AIX Specialty Ins. Co.*, No. 3:13-CV-00234, 2013 WL 3349514, at *5-6 (N.D. Tex. July 3, 2013) (Lynn, J.); *Harris v. Allstate Tex. Lloyd's,* No. CIV.A.H–10–0753, 2010 WL 1790744, at *3-4 (S.D. Tex. Apr. 30, 2010) (granting plaintiff's motion to remand where his petition alleged that the adjuster was

"tasked with handling the insurance claim," "failed to fulfill this task in the manner required by the Texas Insurance Code," "failed to conduct a reasonable investigation," and "failed to attempt a fair settlement"); *Rodriguez v. Standard Guar. Ins. Co.,* No. HH–10–3065, 2010 WL 4877774, at *6 (S.D. Tex. Nov. 23, 2010) (remanding where allegations "resembl[ing] mere formulaic recitations of certain provisions of the Texas Insurance Code" were "clarified and explained by" other allegations in plaintiffs' petition specifically directed at the non-diverse defendant).

Defendants argue that remand here is proper in light of *Centro Christiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, No. H-10-1846, 2011 U.S. Dist. LEXIS 6541 (S.D. Tex. Jan. 20, 2011). In *Centro*, the court found that the plaintiff had improperly joined the defendant adjuster where the allegations respecting the adjuster "for the most part . . . merely track[ed] the statutory provisions, alleging only that [he] inspected the Property and that he submitted an undervalued repair estimate to Ohio." *Id.* at *14. To the extent that the allegations here may be viewed as similar to those held insufficient in *Centro,* the Court declines Defendants' invitation to hold the same and agrees with the reasoning of those cases cited above that are consistent with this Court's decision.

Nor does the Court believe that *Dougherty v. State Farm Lloyds*, No. 401CV0611A, 2001 WL 1041817 (N.D. Tex. Aug. 30, 2001) (McBryde, J.) mandates a contrary result. While Defendants rely on *Dougherty* to argue that Plaintiff does not assert a legitimate claim against Stafford because Plaintiff has not alleged specific facts to demonstrate that she was damaged as a result of Stafford's actions, the Court rejects application of *Dougherty*, instead finding persuasive the holding of Chief Judge Fitzwater in *Russell v. State Farm Lloyds*, No. 3:01-CV-1305-D, 2001 WL 1326501 (N.D. Tex. Oct. 15, 2001). In *Russell*, Chief Judge Fitzwater granted Plaintiff's motion to remand despite the fact that the state court petition in *Dougherty* was

"virtually identical" to that in *Russell*. *Id.* at *4.  In so doing, Chief Judge Fitzwater held that plaintiff stated several allegations specifically referring to the non-diverse defendant adjuster, thereby distinguishing that case from *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir. 1999), upon which *Dougherty* relied in holding that the non-diverse defendant in that case was improperly joined.  *Id.*  This Court similarly finds that Plaintiff has sufficiently alleged specific facts as to Stafford that are distinguishable from those held insufficient in *Griggs*.

### B.  Claims Under Texas Deceptive Trade Practices Act

Because Plaintiff's allegations meet Texas's "fair notice" pleading standard with respect to the Texas Insurance Code, it is unnecessary to evaluate Plaintiff's claims under the Texas Deceptive Trade Practices Act.  *See Gray,* 390 F.3d at 412.  The Court finds that Plaintiff can potentially sustain at least one cause of action against Stafford, and therefore remand of the entire case is necessary.  *See id.*

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**.  This case is **REMANDED** to the 160th Judicial District Court of Dallas County, Texas for further proceedings.

**SO ORDERED.**

October 14, 2013.

*[signature]*
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**